UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JERRY A. GORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:13-cv-241-JMS-DML |
| | ) | |
| DR. WOLFE, | ) | |
| NURSE C. MEYER, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Dismissing Insufficient
Claims and Directing Further Proceedings**

Jerry Gore is a prisoner as defined in 28 U.S.C. § 1915(h). This means that his civil rights complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Pursuant to this statute, "[a] complaint or a claim within a complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

To satisfy the notice-pleading standard of Rule 8 of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and quoting Fed. R. Civ. P. 8(a)(2)), and "must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp.,* 550 U.S. at 555). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Gore claims that medical personnel at the Pendleton Correctional Facility denied him constitutionally adequate medical care during an episode of heatstroke. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjecting component by showing that: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

Based on the foregoing standard, the claims found insufficient and which are dismissed for that reason are the claims against Correctional Medical Services and Corizon because there is no plausible claim that these entities had a custom or policy of denying inmates adequate medical care under the Eighth Amendment. *See Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 828 (7th Cir. 2009).

No final judgment shall issue at this time as to the claims dismissed in this Entry.

The case shall proceed as to the deliberate indifference claims asserted against Dr. Wolfe and Nurse C. Myer.

The clerk is designated pursuant to Fed. R. Civ. P. 4(c)(3) to issue and serve process on the remaining defendants in the manner specified by Fed. R. Civ. P. 4(d)(1). Process shall consist of the complaint, applicable forms and this Entry.

IT IS SO ORDERED.

Date: 01/24/2014

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JERRY A. GORE
988612
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Dr. Wolfe
PENDLETON CORRECTIONAL FACILITY
4490 West Reformatory Road
PENDLETON, IN 46064

Nurse C. Meyer
PENDLETON CORRECTIONAL FACILITY
4490 West Reformatory Road
PENDLETON, IN 46064