UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JERRY A. GORE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:13-cv-0241-JMS-DML ) |
| DR. WILLIAM WOLFE, NURSE C. MEYERS, | ) ) ) ) |
| Defendants. | ) |

**Entry Discussing Amended Complaint, Dismissing Insufficient Claims, and Directing Further Proceedings**

**I. Screening**

Plaintiff Jerry A. Gore filed an amended complaint on November 19, 2014, alleging that his constitutional rights were violated by the defendants when they delayed medical care for the treatment of heatstroke. Because Gore is a "prisoner" as defined by 28 U.S.C. § 1915(h) this court has an obligation under 28 U.S.C. § 1915A to screen his complaint before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleadings standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Gore are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.

*Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008). It must further be recognized that the composition and content of the complaint are entirely the responsibility of the plaintiff, for "even pro se litigants are masters of their own complaints and may choose who to sue-or not to sue." *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005).

Gore's claims are brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id*. at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997).

The right implicated by Gore's complaint is the Eighth Amendment's proscription against cruel and unusual punishment. Specifically, Gore alleges that the defendants were deliberately indifferent to his serious medical needs. Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005); *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S. Ct. 1970, 1976 (1994). A claim based on deficient medical care must demonstrate two requirements: 1) an objectively serious

medical condition, and 2) an official's deliberate indifference to that condition. Under the first element, Gore has alleged that the defendants were deliberately indifferent to his serious medical condition of heatstroke.

The second requirement is a subjective one:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 114 S. Ct. at 1979. Prison officials may exhibit deliberate indifference to a known condition through inaction, *Gayton v. McCoy*, 593 F.3d 610, 623–24 (7th Cir. 2010); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009), or by persisting with inappropriate treatment, *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir.2011); *Greeno v. Daley*, 414 F.3d 645, 653–54 (7th Cir. 2005). Prison officials might also show their deliberate indifference by delaying necessary treatment and thus aggravating the injury or needlessly prolonging an inmate's pain. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012).

Gore brings this amended civil rights complaint against the following defendants: 1) Correctional Medical Services, Inc. (Corizon); 2); Dr. William Wolfe; 3) Nurse Christina Meyers; and 4) Officer Steven Turner. He also asserts various state law claims. He seeks declaratory relief, injunctive relief, and monetary damages.

## II.

## Insufficient Claims- Federal

### A.

Gore alleges that Turner took him to the shower and closed the door. Gore commented to Turner about the heat in the shower and asked him not to close the shower door. Turner responded that it is policy for the shower door to be closed, and closed the door. Gore began showering and passed out from the heat. After coming to, Gore called out for help. Turner returned to help Gore, and after Gore passed out again, Turner called for help and assisted Gore to the range. Turner and another officer carried Gore down the stairs to a fan and got him water to drink. Turner continued to give Gore water to drink while they waited on medical personal to arrive. Nurse Meyers arrived and evaluated Gore and stated he could return to his cell. Turner indicated to Nurse Meyers that Gore needed further medical attention and should go to the infirmary because he did not look good.

Gore has not alleged any facts in the amended complaint upon which the Court could conclude that Turner was deliberately indifference to Gore's need for emergency medical treatment. Quite the opposite, in fact. During this ordeal, Turner helped Gore by placing him in front of a fan, providing him water to drink, and stated that Gore needed further medical attention despite Nurse Meyers statements to the contrary. The Eighth Amendment claim **against defendant Turner is dismissed for failure to state a claim**.

### B.

Gore claims that Corizon's medical policy results in inadequate training for the medical staff with respect to the diagnosis and/or treatment of medical emergencies, in this case heatstroke.[1]

---

[1] To the extent Gore references in a footnote a variety of other medical emergencies involving other inmates, they are not sufficiently related to an alleged policy or practice regarding the treatment of heatstroke.

This failure, he alleges, amounts to deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Regarding a policy of inadequate training, the Supreme Court stated:

> [T]he word "policy" generally implies a course of action consciously chosen from among various alternatives; it is therefore difficult in one sense even to accept the submission that someone pursues a "policy" of "inadequate training," unless evidence be adduced which proves that the inadequacies resulted from conscious choice-that is, proof that the policymakers deliberately chose a training program which would prove inadequate.

*Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2004)(quoting *City of Okla. v. Tuttle*, 471 U.S. 808, 823 (1985). Gore fails to set forth any factual allegations that suggest Corizon has a policy not to train its medical staff or has chosen a training program that is inadequate. For example, Gore writes "Corizon . . . was deliberately indifferent to Gore's serious medical needs as he laid on the floor in J-Cell house on July 6, 2012, suffering from heat stroke, by failing to properly train Defendant Meyers in how to diagnose/assess/treat Gore in a timely manner for his heat stroke." As the Supreme Court recently explained, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft,* 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-57 (2007)). As such, the Eighth Amendment claim **against defendant Corizon is dismissed for failure to state a claim.**

## II.

## Insufficient Claims-State

### A.

Gore alleges he suffered emotional distress, but fails to specify if it is negligent or intentional. The Indiana Supreme Court defined the tort of intentional infliction of emotional distress as follows: "'one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress. . . .' Restatement

(Second) of Torts § 46 (1965). It is the intent to harm one emotionally that constitutes the basis for the tort of an intentional infliction of emotional distress." *Oliver v. McClung*, 919 F. Supp. 1206, 1220 (N.D. Ind. 1995)(quoting *Cullison v. Medley,* 570 N.E.2d 27, 31 (Ind. 1991)). Gore makes no allegations that the defendants actually intended to inflict emotional damage during the allegedly deficient medical treatment. Gore's claims **for intentional infliction of emotional distress is dismissed for failure to state a claim**.

### B.

Under Indiana law a party may pursue a claim for emotional distress under either the "modified impact" rule or the "bystander" rule. *Patterson v. Indiana Newspapers, Inc.*, 589 F.3d 357, 367 (7th Cir. 2009)(citing *Atl. Coast Airlines v. Cook,* 857 N.E.2d 989, 998 (Ind. 2006)). The modified impact rule maintains the requirement that the plaintiff demonstrate a direct physical injury, but the impact need not cause a physical injury and the emotional trauma need not result from a physical injury of the impact. *Powdertech, Inc. v. Joganic*, 776 N.E.2d 1251, 1263 (Ind. Ct. App. 2002). In this case, the underlying constitutional tort against Turner and Corizon has been dismissed and Gore's negligent infliction claim is based on the alleged constitutional violation by Corizon and Turner. Gore's state law claim for negligent infliction of emotion distress as to Corizon and Turner is **dismissed for failure to state a claim. Corizon and Turner are dismissed as defendants.**

### C.

The Court is unaware of an independent state law claim of "outrageous conduct." If Gore disagrees with the Court's conclusion as to this claim **he has until January 23, 2015**, to notify the Court as to the legal basis of this state law claim.

### III. Claims that May Proceed

Gore alleges that Nurse Meyers and Dr. Wolfe were deliberately indifferent to his serious medical need when he suffered from heatstroke. The Eighth Amendment deliberate indifference claim **against Nurse Meyers and Dr. Wolfe may proceed**.

The state law claim for negligent infliction of emotional distress **against Nurse Meyers and Dr. Wolfe may proceed**.

No final judgment shall issue at this time as to the claims dismissed in this Entry.

Defendants Meyers and Wolfe have already appeared in this action. They shall have 21 days from the issuance of this Entry to respond to the amended complaint.

**IT IS SO ORDERED**.

Date: December 19, 2014

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Jerry A. Gore, #988612
Electronic Service Participant
Count only

Electronically registered counsel