UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JERRY A. GORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:13-cv-0241-JMS-DML |
| | ) |
| INDIANA DEPARTMENT OF CORRECTION, | ) |
| COMMISSIONER, INDIANA DEPARTMENT | ) |
| OF CORRECTION, CORIZON HEALTH, | ) |
| DR. WILLIAM WOLFE, | ) |
| NURSE C. MEYERS, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Motion to Dismiss**

Jerry Gore ("Mr. Gore") brings this case against the defendants, asserting a 42 U.S.C. § 1983 claim, a state law negligence claims against Dr. William Wolfe and Nurse Christine Meyers, and a contract claim against the Indiana Department of Correction and Corizon. The Indiana Department of Correction ("IDOC"), the Commissioner of the Indiana Department of Correction, and Sherman Turner ("State Defendants") have moved to dismiss the second amended complaint against them. Mr. Gore has opposed that motion and the State Defendants have replied. For the reasons explained in this Entry, the Motion to Dismiss State Defendants is [dkt. 98] is **granted**.

*A. Background*

Mr. Gore filed the initial complaint in this action on February 11, 2013, against Correctional Medical Service, Corizon, Dr. Wolfe and Nurse Meyer. [dkt. 1]. On January 24, 2014, this Court dismissed the claims against Correctional Medical Service and Corizon and allowed the action to proceed against Dr. Wolfe and Nurse Meyer. On November 19, 2014, Mr. Gore filed an amended complaint adding Officer Sherman Turner as a defendant and again added Corizon as a

defendant. The Court dismissed Officer Turner and Corizon as defendants, and allowed the action to proceed against Dr. Wolfe and Nurse Meyer. [dkt. 48]. The Court granted Mr. Gore's motion to reconsider on January 29, 2015, and added an Eighth Amendment claim against Corizon. [dkt. 51].

On October 20, 2015, Mr. Gore, by counsel, filed a seconded amended complaint against the IDOC, the Commissioner of the IDOC, Officer Sherman Turner[1], Corizon, Dr. Wolfe, and Nurse Meyers. [dkt. 79]. In the second amended complaint, Mr. Gore's allegations center around an event that took place on July 6, 2012. [dkt. 79, at pp. 5-10]. As to the State Defendants, Mr. Gore alleges that Officer Turner was acting within the scope of his employment when the deprivation occurred, thus the IDOC and the Commissioner of the IDOC are liable for any resulting damages.

### B. Legal Standard

The State Defendants have filed a motion to dismiss pursuant to *Federal Rule of Civil Procedure* 12(b)(6) arguing that Mr. Gore's claim is barred by the applicable statute of limitations and Eleventh Amendment Immunity. Courts should usually refrain from granting Rule 12(b)(6) motions on affirmative defenses. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). "Rule 12(b)(6) tests whether the complaint states a claim for relief, and a plaintiff may state a claim even though there is a defense to that claim. But when all relevant facts are presented, the Court may properly dismiss a case before discovery—typically through a Rule 12(c) Motion for Judgment on the Pleadings.[2]—on the basis of an affirmative defense." *See Id.*; *Brooks v. Ross*, 578 F.3d 574,

---

[1] Officer Turner was dismissed from this action on February 2, 2016, pursuant to a motion to dismiss filed by Mr. Gore. [dkts. 100, 103].

[2] "Though district courts have granted Rule 12(b)(6) motions on the basis of affirmative defenses, [the Seventh Circuit] has repeatedly cautioned that the proper heading for such motions is Rule 12(c), since an affirmative defense is external to the complaint." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012).

579 (7th Cir. 2009) (approving of granting motions to dismiss based on the statute of limitations when "the relevant dates [that establish the defense] are set forth unambiguously in the complaint.").

In ruling on a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true and drawing all reasonable inferences from those allegations in favor of the plaintiff. *Lee v. City of Chicago,* 330 F.3d 456, 459 (7th Cir. 2003). Thus, a complaint should only be dismissed pursuant to Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007). Additionally, the Court may not rely upon evidence and facts outside of those alleged in the complaint in ruling on a motion to dismiss.

## *C. Discussion*

*Statute of Limitations*

"While complaints typically do not address affirmative defenses, the statute of limitations may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.' *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir.2005). (Technically, one might see this as a motion for judgment on the pleadings under Rule 12(c) rather than a motion under Rule 12(b)(6), but the practical effect is the same.)." *Brooks v. Ross,* 578 F.3d 574, 579 (7th Cir. 2009). Although § 1983 contains no statute of limitations, under the terms of *Wilson v. Garcia*, 471 U.S. 261 (1985), if there is no federal statute of limitations, the most closely analogous state statute of limitations is borrowed. The statute of limitations applicable to the personal injury claim asserted against the State Defendants in the complaint is two years.

Ind. Code § 34-11-2-4. While state law determines the length of the limitations period, federal law determines the date of accrual of the cause of action. *Logan v. Wilkins*, 644 F.3d 577, 581-82 (7th Cir. 2011). For § 1983 purposes, a claim accrues when the plaintiff knows or should know that his or her constitutional rights have been violated. *Id*. The Seventh Circuit has found that the accrual date for a claim of cruel and unusual punishment where the plaintiff alleges he was denied treatment continues for as long as the defendants have the power to do something about his condition. *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001).

Here, the claims against the State Defendants stem from an incident that occurred on July 6, 2012. On that day, when the temperature was abnormally high, Officer Turner placed Mr. Gore in a very hot shower. Mr. Gore passed out from the heat. Immediately after, Officer Turner provided Mr. Gore with a cold rag and water, placed him in front of a fan and called for medical help. There are no allegations in the second amended complaint that the State Defendants continuously denied any requests for medical help.

In response to the motion to dismiss, Mr. Gore alleges that the claims against the State Defendants are not barred by the statute of limitations because he seeks declaratory relief. [dkt. 101, at p. 3]. However, declaratory relief cannot be used "solely to adjudicate [a defendant's] past conduct" and not to affect future behavior. *Simso v. State of Connecticut,* 2006 WL 3422194, at *8 (D.Conn. Nov. 28, 2006); *see also Mirbeau of Geneva Lake LLC v. City of Lake Geneva*, 2009 WL 1770145, at *3 (E.D. Wis. 2009) (dismissing claim for declaratory judgment where complaint alleges only past illegal conduct). Mr. Gore's injury occurred on July 6, 2012, and the complaint alleges a constitutional deprivation only on that date. Mr. Gore is not permitted to add claims for declaratory and injunctive relief solely to circumvent a statute of limitations defense. He did not

file suit against the State Defendants until October 20, 2015. As such, the § 1983 claims against the State Defendants are barred by the statute of limitations.

*Eleventh Amendment*

Next, the State Defendants argue the Eleventh Amendment bars the § 1983 and contract claims against them. Eleventh Amendment immunity bars suits against states and their agencies regardless of the relief sought, whether damages or injunctive relief. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 58 (1996); *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 102 (1984).

*Ex parte Young* established an exception to states' sovereign immunity under the Eleventh Amendment permitting suits for prospective and injunctive relief. *Ex parte Young*, 290 U.S. 123, 123 (1908). A plaintiff may file "suit[ ] against state officials seeking prospective equitable relief for ongoing violations of federal law. . . ." *Marie O. v. Edgar*, 131 F.3d 610, 615 (7th Cir. 1997); *see also Indiana Protection and Advocacy Services v. Indiana Family and Social Services Admin.* 603 F.3d 365, 371 (7th Cir. 2010) (discussing exceptions to the Eleventh Amendment's bar against actions in federal court against state officials acting in their official capacities). Here, however, an inquiry into the complaint reveals that it does not allege an ongoing violation of federal law. In fact, Mr. Gore specifically alleges the defendants breached their contract by "their failures to provide Gore with adequate medical services resulting from his heat stroke . . . [he] and suffered injuries as a direct and proximate cause of the breach." [dkt. 79, at p. 14]. The circumstances that resulted in Mr. Gore's heat stroke occurred on July 2, 2012. As a result, the § 1983 and contract claims against the State Defendants do not seek prospective relief and are barred by the Eleventh Amendment.

The motion to dismiss [dkt. 98] is **granted** and the State Defendants, the IDOC and the Commissioner of the IDOC, are **dismissed** as defendants from this action. Although the Court is dismissing the State Defendants and any contract claim against them, this ruling should in no way be read to prohibit Mr. Gore from pursuing a contract claim against Corizon.

**The clerk is instructed** to update the docket to reflect the dismissal of the Indiana Department of Correction and the Commissioner of the Indiana Department of Correction.

**IT IS SO ORDERED.**

Date: March 22, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.

Distribution:

All electronically registered counsel