UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JERRY A. GORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:13-cv-0241-JMS-DML |
| ) | |
| CORIZON, ) | |
| DR. WILLIAM WOLFE, ) | |
| NURSE C. MEYERS, ) | |
| ) | |

**Entry Denying Plaintiff's Motion for Expert Witness**

Jerry Gore is a state prisoner who alleges that the defendants delayed and ultimately failed to properly treat him when he was suffering from heat stroke. Mr. Gore, who is represented by pro bono counsel, requests that the Court appoint an expert witness pursuant to *Federal Rule of Evidence* 706 to assist him in responding to the defendants' motion for summary judgment. He states an expert witness is necessary to evaluate the material designated by defendants in their summary judgment motion. As a prisoner lacking income and resources, Mr. Gore claims he is unable to pay an expert and states in the motion that such expert can be paid by the Court or that defendants may contribute to the cost. The defendants object to the appointment of an expert witness.

Given the facts and allegations presented, it does not appear that expert medical testimony will be necessary to establish the plaintiff's claim that he suffered cruel and unusual punishment in violation of the Constitution when he allegedly suffered heat stroke. Mr. Gore's claim that the defendants failed to respond to and treat a heat stroke can be proven with reference to his medical records, testimony by witnesses, such as the plaintiff, correctional officers, medical personnel at the prison, and medical personnel at the hospital. Further, the Court will consider taking judicial

notice of an appropriate treatise or medical journal discussing the effects of failed, delayed, or inadequate treatment of heat stroke.

It should be noted neither *Rowe v. Gibson*, 798 F.3d 622 (7th Cir. 2015) nor Local Rule 87 stand for the proposition that when counsel is appointed to represent a pro se prisoner that the Court will, or even should, assume responsibility for locating and paying an expert to support the plaintiff's claim. The *Rowe* opinion "urge[s] the district court to give serious consideration to recruiting a lawyer to represent Rowe. . . appointing a neutral expert witness, authorized by Fed. R. Evid. 706, to address the medical issues in this case; or doing both." *Id*. at 631-32. First, here, the plaintiff is not asking the Court to appoint a neutral expert witness, but instead is seeking the appointment of an expert witness to assist him in defending a summary judgment motion. Second, the Court has already appointed counsel for Mr. Gore which obviates the handicaps Rowe was facing in his litigation. Further, having reviewed Defendants' motion, the Court does not find that it is in need of the assistance of an independent expert. This is so because it appears that Defendants' motion argues a different set of facts than that which are asserted by Plaintiff, ("Mr. Gore's allegations are not consistent with his medical records…." [dkt. 127 at 16]), and their expert appears to adopt Defendants' version of the facts [dkt. 128-3].

Finally, if the plaintiff is requesting pre-payment of expenses for an expert witness pursuant to Local Rule 87(g)(1), he should file a motion. *See* General Order Regarding Local Rule 87. http://www.insd.uscourts.gov/sites/insd/files/general-ordes/General Order Re Local Rule 87.pdf. It is up to counsel to locate and arrange for any expert witness, and negotiate the expert's fee. When that is done, counsel may file a motion for pre-approval of fees under 87(g). This would be plaintiff's expert and not a neutral expert witness, as urged in *Rowe*.

For these reason the plaintiff's motion appoint an expert witness [dkt. 137] is **denied**.

The plaintiff's motion for extension of time to file a response to the defendants' motion for summary judgment [dkt. 136] is **granted**. The plaintiff shall have **through October 27, 2016**, to file a response.  Given the age of the case, further extensions of the briefing schedule should not be anticipated.

**IT IS SO ORDERED.**

Date: 10/13/2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

Case 1:13-cv-00241-JMS-DML   Document 140   Filed 10/13/16   Page 3 of 3 PageID #: 562